IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JASON MILLER, | CV 25-9-BLG-DWM |
| Plaintiff, | |
| vs. | ORDER |
| SUNBEAM PRODUCTS, INC. and NEWELL BRANDS, INC., | |
| Defendants. | |

The Court has had the opportunity to review the parties' pretrial filings in preparation for the May 7, 2025 preliminary pretrial conference. (*See* Docs. 20, 22, 23.) That review has revealed several deficiencies that must be corrected prior to that conference. *See* Fed. R. Civ. P. 1 (obligating both the Court and the parties "to secure the just, speedy, and inexpensive determination of every action and proceeding").

**1.    Stipulated Facts.** The parties' statement of stipulated facts, which only lists the citizenship of each party, (*see* Doc. 21), is unacceptable. The parties must meet prior to the pretrial conference, either in person or over Zoom, and agree on substantive facts in the case. These facts must extend beyond the basic

1

jurisdictional issues and the identity of the parties. (*See* Doc. 14 at ¶ 7 ("The statement must demonstrate a good faith effort to produce a comprehensive list of undisputed facts relevant to the resolution of this matter.").)

2. **Computation of Damages.** Miller has alleged medical expenses in the amount of $1,569.80 but states that "[p]ersonal injury damages typically cannot be quantified in the same manner as contract damages" and he is "unable to provide more specific damages calculations" pending further discovery. (Doc. 23 at 10–11.) However, a computation of damages requires just that, a complete computation of the damages in the case. Miller must provide a full valuation of the amount he intends to pursue in the case, including general damages. This requirement both ensures that the amount in controversy is met for diversity jurisdiction, *see* 28 U.S.C. § 1332, and properly puts the defendant on notice.

3. **Affirmative Defenses.** Defendants have both pled 21 affirmative defenses, (*see* Docs. 8, 9), 19 of which they have included in their pretrial statement, (*see* Doc. 22). If Defendants persist in this number of "affirmative defenses," *see* Fed. R. Civ. P. 8(c) (specifically identifying which defenses actually qualify as "affirmative defenses"), Defendants are advised that Miller will be given an additional three interrogatories for each affirmative defense that remains after the pretrial conference.

2

4.      **Witnesses.** Per Local Rule 16.2(b)(1)(J), the parties are required to list "the name and city and state of current residence of each individual known or believed to have information that may be used in providing or denying a party's claim or defenses, and a summary of that information." Defendants' generalized reference to "[u]nknown witnesses," "[u]nknown medical providers," and "[c]urrent and former employees of [Defendants]" is insufficient. (Doc. 22 at 16.)

IT IS ORDERED that by noon on May 6, 2025, the parties shall file updated pretrial documents addressing the above deficiencies.

DATED this 2nd day of May, 2025.

_____  15:43 P.M
Donald W. Molloy, District Judge
United States District Court

3